UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA,                                :

                                Plaintiff,             :

                -against-                                  :          Docket No. 08 CR 211(AKH)

PARVINDER DOSANJH,                                       :

                        Defendant.      :
--------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PRETRIAL MOTION FOR DISCOVERY**

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT 1: THE COURT SHOULD DIRECT THE GOVERNMENT  TO DISCLOSE ALL
RULE 16 MATERIALWELL IN ADVANCE OF TRIAL. . . . . . . . . . . . . . . . . . . . . . 5

POINT 2: THE COURT SHOULD DIRECT THE GOVERNMENT TO DISCLOSE ALL
EXCULPATORY AND IMPEACHMENT EVIDENCE REASONABLY IN
ADVANCE OF TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT 3: THE COURT SHOULD DIRECT THE GOVERNMENT TO RESPOND
TO DEFENDANT'S REQUEST FOR ANY "OTHER CRIMES"
EVIDENCE THAT THE GOVERNMENT WILL INTRODUCE AT
TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT 4: THIS COURT SHOULD DIRECT THE GOVERNMENT TO PROVIDE
DEFENSE COUNSEL, REASONABLY IN ADVANCE OF TRIAL, WITH THE
IDENTITY OF ANY EXPERT WITNESS AND ANY AND ALL INFORMATION,
STUDIES AND REPORTS UPON WHICH ANY EXPERT WITNESS WILL BASE
HIS/HER TESTIMONIAL OPINIONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

POINT 5: LIMITED PARTICULARS ARE NECESSARY TO PREPARE FOR TRIAL.. . . . . 17

POINT 6: THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE A WITNESS
LIST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

POINT 7: DEFENDANT RESPECTFULLY RESERVES THE RIGHT TO MAKE
OTHER MOTIONS NECESSITATED BY THE DISCLOSURE OF ADDITIONAL
FACTS, INCLUDING MOTIONS IN LIMINE TO EXCLUDE EVIDENCE
OFFERED BY THE GOVERNMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

<u>Alderman v. United States</u>, 394 U.S. 165 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Brady v. Maryland</u>, 373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Campbell v. Metro. Prop. and Cas. Ins. Co.</u>, 239 F.3d 179 (2d Cir. 2001) . . . . . . . . . . . . . . . 15

<u>Daubert v. Merrell Dow Pharm.</u>, 509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Delaware v. Van Arsdall</u>, 475 U.S. 673 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Huddleston v. United States</u>, 485 U.S. 681 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11

<u>Leka v. Portuondo</u>, 257 F.3d 89 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>United States v. Bagley</u>, 473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

<u>United States v. Barnes</u>, 158 F.3d 662 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>United States v. Behety</u>, 32 F.3d 503  (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>United States v. Bin Laden</u>, 132 F.Supp. 2d 168 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . 7

<u>United States v. Bin Laden</u>, 92 F.Supp.2d 225 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . 18

<u>United States v. Bortnovsky</u>, 820 F.2d 572 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

<u>United States v. Cannone</u>, 528 F.2d 296 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

<u>United States v. Castillo</u>, 924 F.2d 1227 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

<u>United States v. Chen</u>, 378 F.3d 151 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>United States v. Colon</u>, 880 F.2d 650 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

<u>United States v. Coppa</u>, 267 F.3d 132 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Cruz, 363 F.3d 187 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

United States v. Cruz, 981 F.2d 659 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Downing, 297 F.3d 52 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Dukagjini, 326 F.3d 45 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

United States v. Falkowitz, 214 F.Supp.2d 365 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . 18, 19

United States v. Feola, 651 F.Supp. 1068 (S.D.N.Y. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Friedman,  854 F.2d 535 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Gibson, 175 F.Supp.2d 532 (S.D.N.Y. 2001) .. . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Gil, 297 F.3d 93 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Guang, 511 F.3d 110 (2d Cir. 2007) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Haldeman, 559 F.2d 31 (D.C. Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Hogue, 827 F.2d 660 (10th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y. 1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

United States v. Long, 917 F.2d 691 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. LaFlam, 369 F.3d 153 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Lyles, 593 F.2d 182 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Manafzadeh, 592 F.2d 81 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Maturo, 982 F.2d 57 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Nachamie, 91 F.Supp.2d 565 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . 18-20

United States v. Peterson, 808 F.2d 969 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Rosenstein, 303 F.Supp. 210 (S.D.N.Y. 1969) . . . . . . . . . . . . . . . . . . . . . . . . 19

United States v. Salerno, 937 F.2d 797, 810 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Samalot-Perez, 767 F.2d 1 (1st Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v, Sampson, 980 F.2d 883 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Santiago, 174 F.Supp.2d 16 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . 20, 21

United States v. Schaefer, 2008 WL 2332369  (S.D.N.Y. June 2, 2008) . . . . . . . . . . . . . . . . . . 18

United States v. Scop, 846 F.2d 135 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Shvarts, 90 F.Supp.2d 219 (E.D.N.Y.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Smith, 16 F.R.D. 372 (W.D. Mo. 1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

United States v. Stevens, 935 F.2d 1380 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Torres, 901 F.2d 205 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**FEDERAL STATUTES**

18 U.S.C. § 2518 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16

21 U.S.C. § 963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL RULES**

Fed. R. Crim. P. 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed.R.Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed.R.Evid. 608 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed.R.Evid. Rule 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed.R.Evid.806 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed.Rules.Evid. 404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 13

Federal Rule of Criminal Procedure 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of an order: (1) compelling the government to disclose Rule 16 material well in advance of trial; (2) compelling the government to disclose *Brady* material reasonably in advance of trial; (3) precluding the government from introducing certain "other crimes" evidence it may seek to offer under Fed.Rules.Evid. 404(b), 403 and 401, and for notice of all "other crimes" evidence to be offered at trial; (4) compelling the government to disclose to the defense the name and address of each expert, if any, that it intends to call at trial and to provide a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely; (5) directing the government to provide a limited bill of particulars; (6) directing the government to provide a witness list; and (7) reserving Ms. Dosanjh's right to make other motions necessitated by the disclosure of additional facts, including motions *in limine* to exclude evidence offered by the government.

## STATEMENT OF FACTS

On March 13, 2008, in a sealed indictment, defendant Parvinder Dosanjh (hereinafter "defendant") was charged with conspiracy to import 1,000 kilograms or more of marijuana, in violation of Title 21, United States Code, Section 963 (Count One); conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of Title 21, United States Code, Section 846 (Count Two)[1]; conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and criminal forfeiture.

---

[1] The government has alleged Count Two as a violation of 21 U.S.C. § 963.

The indictment suggests that the conspiracy lasted for at least three to four years, however, it is bereft of any discussion of the roles of any known or unknown conspirators and there are no overt acts recited and thus no factual averments attributable to defendant, or any coconspirator for that matter.  Hence, it is virtually impossible to tell from the face of the indictment how defendant is involved in these alleged conspiracies.  Moreover, no affidavits which discuss the offense conduct have been provided to the defense.

On April 8, 2008, defendant was arrested in Santa Monica, California on a warrant issued by a judicial officer in this district.   On the following day, she made her initial appearance in the Central District of California.   On April 22, 2008, defendant waived extradition and was released from custody.  On April 28, 2008, defendant posted bond in the amount of $300,000.   On May 13, 2008, she made her initial appearance before this Court.  On June 27, 2008, defendant appeared for a pretrial conference and her pending requests for discovery were brought before the Court by way of argument.   Another pretrial conference was calendared for the date of September 12, 2008.

On May 26, 2008, defendant sent the first of two letters to the Assistant United States Attorney requesting discovery.  On June 9, 2008, defendant sent the second letter to the prosecutor, a copy of which was also sent to Court's chambers.   In response to those letters, defendant received 192 bates numbered pages of discovery consisting of (1) an NCIC rap sheet disclosing the nonexistence of any prior criminal history; (2) copies of photographs of bales of marijuana, U.S. currency, boxes of unknown origin, a truck bearing Quebec license plates and the snapshot of an unknown male; (3) one heavily redacted DEA-6 Report of Investigation authored by an unknown agent concerning defendant's arrest and post-arrest statement; (4) defendant's

2

appearance bond documents for this district; and (5) an unsealed pen register application and order for defendant's cellular phone dated March 2008, along with December 2007 AT&T toll records for the same phone number.[2]

In the June 9, 2008 letter, defendant also asked the government to amplify some of the indictment's allegations in a bill of particulars.  The request was as follows:

**Paragraphs in the Indictment as they Relate to All Counts Alleged**

**Paragraph 1**

    a.    Identify the "others" with whom defendant allegedly combined, conspired, confederated and agreed to violate the narcotics laws.

    b.    Identify "elsewhere" as that word is used in this paragraph.

**Paragraph 2**

    a.    Identify each transaction by date, quantity, and location of occurrence that account for defendant's importation of 1,000 or more kilograms of a mixture or substance containing marijuana.

    b.    Identify the "others" involved in each transaction that account for importation of 1,000 or more kilograms of a mixture or substance containing marijuana.

---

[2]  The June 9th letter is made an attachment to the instant motion (Exhibit A).  To a great extent the two letters request the same documents and evidence, however, in the first letter, defendant requested material relating to alleged acts of dishonesty of federal and state agents to be called by the government at trial, and contained follow-up questions relating to discovery already provided, including a translation for markings found on bags containing marijuana, lab reports and chain-of-custody documents, vehicle registration and ownership information for the Canadian truck, the identity of the unknown male, whether defendant's post-arrest interview was recorded, information surrounding a 2005 visit to defendant's residence in Queens and the use of defendant's Dodge Caravan.  The defense has also requested a copy of any written *Miranda* waiver defendant signed before giving post-arrest statements.  By this motion, defendant persists in her request for <u>all</u> categories of discovery listed in Exhibit A.

**Paragraph 4**

    a.      Identify each transaction by date, quantity, and location of occurrence that account for defendant's distribution of 1,000 or more kilograms of a mixture or substance containing marijuana.

    b.      Identify the "others" involved in each transaction that account for distribution of 1,000 or more kilograms of a mixture or substance containing marijuana.

**Paragraph 5**

    a.      Identify the "defendants" and "others" with whom defendant allegedly combined, conspired, confederated and agreed to violate the Section 1956(a)(B)(I).

    b.      Identify "elsewhere" as that word is used in this paragraph.

**Paragraph 6**

    a.      Identify each transaction by date, quantity, and location of occurrence, that account for defendant's and "others" transfer(s) of hundreds of thousands of dollars.

    b.      Identify the "others" involved in each transaction that account for the transfer(s) of hundreds of thousands of dollars.

**Paragraph 7**

    a.      Identify the "property" that defendant obtained or used to facilitate the offenses alleged in Counts One and Two of the Indictment and how the $1 billion is computed.

**Paragraph 8**

    [no such paragraph exists in the indictment]

**Paragraph 9**

    a.    Identify the "property" involved in the money laundering offense and all property traceable thereto which includes, but is not limited to, approximately $1 billion.

The government has been courteous in these proceedings, but has barely responded to the various requests for discovery and has not responded to defendant's request for limited bill of particulars. The government has also failed to provide the defense with a list of its witnesses. The defendant also does not know how many other defendants have been indicted in the case. The government has suggested that codefendants have been charged in separate indictments pending before other judges in this district, other federal districts in New York, and in the Southern District of Florida. The government has also mentioned that some of these codefendants are cooperating with the government.

**ARGUMENT**

**POINT ONE**

**THE COURT SHOULD DIRECT THE GOVERNMENT
TO DISCLOSE ALL RULE 16 MATERIALWELL
IN ADVANCE OF TRIAL.**

By letter dated June 9, 2008, defendant requested timely disclosure of Rule 16 and other pretrial materials, including reports of investigation, search, seizure and related materials, and wiretapping, eavesdropping, consensual recordings and related materials. Rule 16 sets forth the basic framework for discovery in criminal cases. Upon the request of a defendant, Rule 16 requires the government to allow a defendant to inspect and copy: (1) any writing or recording reflecting statements of a defendant, and the substance of oral statements to be offered at trial

5

made by a defendant in response to interrogation by a known government agent; (2) defendant's relevant grand jury testimony; (3) defendant's prior criminal record; (4) documents or objects in the possession of the government material to the preparation of the defense, intended to be used by the government in its case-in-chief, or obtained from a defendant; (5) results or reports of physical or mental examinations and of scientific tests or experiments; and (6) a written summary of the testimony of the government's experts.[3]

Fed. R. Crim. P. 16(a)(1)(B) provides, <u>inter alia</u>, for the discovery of any "relevant written or recorded statement by the defendant . . . within the possession, custody, or control the government; and the attorney for the government knows - or through due diligence could know - that the statement exists." By its terms, the Rule thus requires disclosure of audiotapes that contain relevant statements of the defendant. See *United States v. Haldeman,* 559 F.2d 31, 75, n.80 (D.C. Cir. 1976) (disclosure of recorded statements made by defendant is "practically a matter of right even without a showing of materiality"). Relevant videotapes and surveillance photographs of the defendant are also subject to discovery under Rule 16(a)(1)(E) as "photographs, tangible objects . . . within the possession, custody or control of the government, and . . . is material to the preparing the defense." Photospreads and other photographs used to make pretrial identifications are discoverable. *United States v. Samalot-Perez,* 767 F.2d 1, 4 (1st

---

[3] In addition to Rule 16 discovery, and with reference to additional arguments contained in this memorandum, the defense requests all discovery to which it is entitled under Fed. R. Crim. P. Rule 12(d)(1) concerning notice of the government's intention to use evidence that could be subject to a motion to suppress; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, including <u>Giglio v. United States</u>, 405 U.S. 150 (1972), concerning evidence favorable to the defendant; <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), and its progeny; concerning disclosure of the identity of informants; and 18 U.S.C. § 3500 (Jencks Act) and Fed. R. Crim. P. 26.2 concerning prior statements of testifying government witnesses.

Cir. 1985).

The discovery of electronic surveillance evidence must be made in accord not only with the wiretap statutes, but also with the Federal Rules of Criminal Procedure.  See *United States v. Feola*, 651 F.Supp. 1068, 1146-47 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (1989).  18 U.S.C. § 2518(9) requires the government to furnish a defendant with a copy of the court order and accompanying application under which the interception was authorized or approved, ten days before the contents of any wire, oral, or electronic communication is received in evidence in any trial, hearing, or other proceeding in a federal or state court.  The purpose of the ten day notice requirement in 18 U.S.C. 2518(9) is to afford the defendant "an opportunity to make a pretrial motion to suppress...." S.Rep. No. 1097, 90th Cong., 2d Sess. 105-06, reprinted in 1968 U.S. Code Cong. & Ad.News 2112, 2195.  Electronic surveillance reports will often be in the form of audiotapes, videotapes, photographs, or written recordings of statements.  As such, they become discoverable.  See *Alderman v. United States,* 394 U.S. 165, 181 (1969).

Aware of the fact that the alleged conspiracies involve activities in both the United States and Canada, defendant requested evidence obtained under the MLAT with Canada.  It is unclear from the discovery already provided whether the two countries were engaged in a joint investigation.  If U.S. authorities substantially participated in a parallel foreign investigation, or if the foreign agents were acting as agents for their American counterparts, any discovery generated by the foreign government would be subject to disclosure, and the exclusionary rule can apply to the admission of foreign evidence.  *United States v. Maturo,* 982 F.2d 57, 61 (2d Cir. 1992); *United States v. Bin Laden,* 132 F.Supp. 2d 168, 185-88 (S.D.N.Y. 2001); *United States v. Behety,* 32 F.3d 503, 510  (11th Cir. 1994);.  Because the government has not provided any foreign

7

discovery in this case, the defense is completely thwarted in their ability to assess the import of

such evidence and to determine the appropriateness of any Fourth or Fifth Amendment challenges

to such evidence.

### POINT TWO

### THE COURT SHOULD DIRECT THE GOVERNMENT TO DISCLOSE ALL EXCULPATORY AND IMPEACHMENT EVIDENCE REASONABLY IN ADVANCE OF TRIAL.

In her letter dated June 9, 2008, defendant moved for prompt and thorough discovery

pursuant to the government's disclosure obligations and this Court's discretionary authority to

manage pretrial discovery.  In making this request, defendant is mindful of cases interpreting

*Brady* with regard to the scope and timing of the government's obligation to disclose

impeachment material.  However, in this case, given the serious nature of the allegations as to

which defendant must defend herself, the government may fail to satisfy its disclosure obligations

if disclosure occurs too close to the date of trial with an insufficient opportunity for the defense to

review and assimilate the information provided.

The proposition is well-settled that every prosecutor has a duty to produce evidence that is

"material" to the defendant's guilt or punishment.  *See Kyles v. Whitley*, 115 S.Ct. 1555 (1995);

*United States v. Bagley,* 473 U.S. 667 (1985); *Brady v. Maryland,* 373 U.S. 83 (1963).  In *Bagley*,

the Supreme Court unified the standard for determining whether non-disclosed evidence is

"material" to a defendant's case -- that is -- when non-disclosure warrants reversal.  Under *Bagley,*

a constitutional error occurs and a conviction must be reversed "if the [undisclosed] evidence is

material in the sense that its suppression undermines confidence in the outcome of the trial..." *Id.*

at 678.

    In *Kyles,* the Supreme Court elaborated on the *Bagley* materiality standard.  First, *Kyles* rearticulated the "reasonable probability" test discussed in *Bagley*:

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence she received a fair trial, understood as a trial resulting in a verdict worthy of confidence.  A "reasonable probability" of a different result is accordingly shown when the Government's evidentiary suppression "undermines confidence in the outcome of the trial."

*Kyles*, 115 S.Ct. at 1566, *quoting Bagley*, 473 U.S. at 678.  Second, the *Kyles* Court stated that the materiality standard is "not a sufficiency of evidence test."  *Id.*  A court's review of a *Brady* claim does not entail weighing the inculpatory evidence that was admitted.  Rather, one shows a *Brady* violation by "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."  *Id.*  Third, the *Kyles* Court held that, once the "reasonable probability" test has been satisfied, there is no need for further harmless error review.  *Id.*  Finally, it is the government's obligation to learn of law enforcement information relating to its investigation, even when that information is not within its possession. *Id.* at 1567-68.

    The prosecutor's obligation to turn over "material" information encompasses impeachment as well as exculpatory evidence.  The duty to disclose impeachment evidence stems from the Constitutional "right to put before a jury evidence that might influence the determination of guilt." *United States v. Salerno,* 937 F.2d 797, 810 (2d Cir. 1991), *reversed on other grounds*, 112 S.Ct. 2503 (1992), *quoting Pennsylvania v. Ritchie,* 480 U.S. 39, 56 (1987).  As the Supreme

Court has long recognized, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Delaware v. Van Arsdall,* 475 U.S. 673, 678-79 (1986) (citations omitted).   A confrontation clause violation may exist when a defendant is prohibited from "exposing to the jury the facts from which jurors  . . . could appropriately draw inferences relating to the reliability of the witness." *Van Arsdall,* 475 U.S. at 680 (citation omitted).   We note that for *Giglio* purposes, the government's disclosure obligations extend to <u>any</u> <u>declarant</u> whose statements the government will introduce at trial whether or not the declarant is testifying as a witnesses.   *See* Fed.R.Evid.806;[4]  *United States v. Friedman*,  854 F.2d 535, 569 (2d Cir. 1988).

In *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001), the circuit court ruled that a prosecutor is not constitutionally required to provide exculpatory and impeachment material immediately upon demand of a defendant, far in advance of trial and without regard to its "materiality." *Id.* at 142 ("we have never interpreted due process of law as requiring more than

---

[4]   Rule 806 of the Federal Rules of Evidence provides that:

> [w]hen a hearsay statement, or a statement defined in Rule 801(d)(2), (C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness.

As the Advisory Committee's Note explains, "[t]he declarant of a hearsay statement which is admitted in evidence is in effect a witness.   His credibility should in fairness be subject to impeachment and support as though he had in fact testified.   See Rules 608 and 609." *Id.* advisory committee's note.   In turn, under Rule 608(b), "[s]pecific instances of the conduct of a witness ... may ... in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness ... concerning the witness' character for truthfulness or untruthfulness." Fed.R.Evid. 608(b).

that *Brady* material must be disclosed in time for its effective use at trial"), *abrogating United States v. Shvarts,* 90 F.Supp.2d 219 (E.D.N.Y. 2000).  This means, however, that the prosecution must make a careful prediction as to when the "point of 'reasonable probability' [of a different result] is reached." *Kyles*, 115 S.Ct. at 1567.

The Second Circuit has determined *Brady* to be violated when disclosure is too late or cumbersome to enable effective use of the information.   In *Leka v. Portuondo*, 257 F.3d 89 (2d Cir. 2001), the Second Circuit found the state violated its *Brady* obligations in a murder prosecution by delaying disclosure of exculpatory eyewitness evidence from an off-duty police officer which contradicted two eyewitnesses at trial.  The witness was identified to the defense nine days before trial (and twenty-three days before the defense case began), resulting in a hasty investigation by the defense which proved unsuccessful.  Moreover, the delayed timing prevented effective assimilation of the evidence into the defense case.  *Id.* at 101.  For these reasons, the Second Circuit found that the state had suppressed exculpatory *Brady* material and reversed.  *See id.* at 101; see also *United States v. Gil*, 297 F.3d 93, 106 (2d Cir. 2002) (*Brady* violated where government lumped together exculpatory documents with 2,700 pages of material itemized in a 41-page memoranda produced less than one business day before trial, despite government's own assessment of memorandum as insignificant).

In light of these cases, and concerns about assimilating the government's disclosure sufficiently in advance of trial, defendant respectfully requests an order compelling timely disclosure well in advance of trial to permit investigation, trial preparation and the filing of additional pretrial motions, and motions *in limine,* if needed.

11

**POINT THREE**

**THE COURT SHOULD DIRECT THE GOVERNMENT
TO RESPOND TO DEFENDANT'S REQUEST FOR
ANY "OTHER CRIMES" EVIDENCE THAT THE
GOVERNMENT WILL INTRODUCE AT TRIAL**

By letter dated June 9, 2008, defendant requested timely disclosure of any "other crimes, wrongs and acts" evidence that the government intends to introduce at trial pursuant to Fed.R.Evid. 404(b).   The government has not formally advised the defense of any evidence to be offered pursuant to Fed.R.Evid. 404(b).  A defendant's right to receive notice of the government's intent to rely on 404(b) proof is explicitly provided for in the evidentiary rule.  Rule 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. (Emphasis added)

In addition to the desire to investigate "other crimes" incidents that the government will introduce, counsel also needs an adequate and timely response in order to evaluate and draft appropriate motions in limine.  Under Rule 404(b), the government is forbidden to use evidence of "other crimes, wrongs, or acts" committed by the defendant "to prove the character of a person in order to show action in conformity therewith."  *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.

12

2004).  Rather, other crimes evidence is admissible to prove, inter alia, knowledge, intent, and absence of mistake.  *Id.*  The Supreme Court has articulated a four-part test to guide judicial discretion under Rule 404(b).  Other Crimes evidence must (1) be offered for a proper purpose, (2) be relevant, (3) be substantially more probative than prejudicial, and (4) at the defendant's request, the district court should give the jury an appropriate limiting instruction.  *Huddleston v. United States,* 485 U.S. 681, 691-92 (1988).

Other crimes proof must be offered for some permissible purpose, including, inter alia, defendant's knowledge, intent or plan to commit the charged crimes. Fed.R.Evid. 404(b).  The Second Circuit's "inclusionary approach" to the admission of other act evidence "allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Guang*, 511 F.3d 110, 121 (2d Cir. 2007), *quoting United States v. LaFlam,* 369 F.3d 153, 156 (2d Cir. 2004) (per curiam).  But it must be relevant to a material element of the charged offense that is in dispute.  *Id., see United States v. Colon,* 880 F.2d 650, 656 (2d Cir. 1989); *United States v. Manafzadeh*, 592 F.2d 81, 86 (2d Cir. 1979).  Further, the 404(b) evidence is only relevant "if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988).  Finally, if the "other crimes" evidence tends to prove some fact besides character, its probative value must not be outweighed by the risk of unfair prejudice.  *Guang*, *supra*, Fed.R.Evid. 403.

The government must not only provide sufficient factual details concerning the 404(b) acts to suggest their relevance to the charged crimes, it must indicate the legal hypothesis upon which each act will be offered.  *See United States v, Sampson*, 980 F.2d 883,  887 (3d Cir. 1992) ("[if] the government offers prior offense evidence, it must clearly articulate how that evidence fits into a

13

chain of logical inferences"); *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987)

(government must articulate precise evidentiary hypothesis by which a fact may be inferred from

the other acts evidence).   Further, it may not proffer 404(b) proof where "the chain of inferences

necessary to connect evidence with the ultimate fact to be proved" is unduly long.   *United States v.*

*Peterson*, 808 F.2d 969, 974 (2d Cir. 1987), *citing United States v. Lyles*, 593 F.2d 182, 195-96 (2d

Cir. 1979).   For all of these reasons, the Court should order timely disclosure of Rule 404(b)

evidence.

**POINT FOUR**

**THIS COURT SHOULD DIRECT THE GOVERNMENT
TO PROVIDE DEFENSE COUNSEL, REASONABLY
IN ADVANCE OF TRIAL, WITH THE IDENTITY OF ANY
EXPERT WITNESS AND ANY AND ALL INFORMATION,
STUDIES AND REPORTS UPON WHICH ANY EXPERT
WITNESS WILL BASE HIS/HER TESTIMONIAL OPINIONS.**

At the trial of this case, the government may call one or more witnesses to testify as non-

scientific "expert witnesses."   In the discovery letter dated June 9, 2008, defendant requested

disclosure of the identity of the government's expert witnesses, and related information.  To the

extent that any expert is permitted to testify in this case, it is respectfully requested that this Court

direct the government to disclose to defense counsel the name and address of each such expert, a

summary of his/her anticipated testimony, and the reports, studies or other data on which such

expert testimony will rely.   Timely disclosure of this information is needed to enable counsel to file

a motion in limine prior to trial to properly restrict the scope and extent of the proposed testimony.

Failing such disclosure, the witness will be free to say anything, claim the source is some

confidential government document or witness, without counsel effectively confronting this testimony.

When parties seek to introduce expert testimony in accordance with Rule 702, a district court must serve as a gatekeeper. *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004). The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.*, *quoting Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597, 113 S.Ct. 2786 (1993).

> In order to fulfill these gatekeeping functions, the district court must "analyz[e] whether [the] proffered expert testimony is relevant, i.e. whether it ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Citation omitted) (internal citations and quotation marks omitted). The court must also evaluate "whether the proffered testimony has a sufficiently reliable foundation to permit it to be considered." *Campbell v. Metro. Prop. and Cas. Ins. Co.*, 239 F.3d 179, 184 (2d Cir. 2001) (internal citations and quotation marks omitted).

*Id.* Part of the gatekeeper's task is ensuring proper notice pursuant to Rule 702. The defense is entitled to discovery of a written summary of expert testimony that the government intends to use in its case-in-chief." *Cruz*, 363 F.3d at 196 n. 2 , *quoting United States v. Dukagjini*, 326 F.3d 45, 56 (2d Cir. 2003)(citing Fed.R.Crim.P. 16(a)(1)(G)). The rule "is intended to minimize [the] surprise that often results from unexpected testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Id.* Moreover, "[t]he disclosure requirement creates an incentive for the government to limit its use of experts to proper subject matters of expert testimony, lest broader expert testimony require broader pre-trial disclosure." *Dukagjini*, 326 F.3d at 56.

Any expert called by the government should, pursuant to Fed.R.Evid. Rule 702, deal only with issues that are "beyond the knowledge or understanding of an average juror." *United States v. Cruz*, 981 F.2d 659, 662 (2d Cir. 1992); *see United States v. Cruz*, 363 F.3d 187, 194 (2d Cir. 2004) (error to admit expert testimony as to narcotics jargon where contested phrase was ambiguous and thus outside ambit of agent's "drug jargon" expertise); *United States v. Stevens*, 935 F.2d 1380, 1400 (3d Cir. 1991) (expert testimony properly barred where it would have "pitched to the common sense of the jury"). For example, it is improper for an expert witness to merely parrot the testimony of other witnesses with respect to information which is certainly not beyond the knowledge of the average juror. *See United States v. Long*, 917 F.2d 691, 702 (2d Cir. 1990). To this end, the government is barred from using experts "solely to bolster the credibility of the government's fact witnesses by mirroring their version of events." *Cruz,* 981 F.2d at 664. In particular, the 1992 *Cruz* Court condemned the technique of having an expert state that a given set of facts are consistent with criminal behavior and then "arguing that the witnesses' version of events is consistent with an expert's description of patterns of criminal conduct." *Id.* Rather, the expert's testimony must deal with operations which "have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot be used solely to bolster the credibility of the government's fact witnesses by mirroring their version of events." *Id. See also United States v. Castillo*, 924 F.2d 1227, 1231 (2d Cir. 1991); *United States v. Scop*, 846 F.2d 135, 139-43 (2d Cir. 1988).

Rule 16(a)(1)(G), of the Federal Rules of Criminal Procedure provides that, upon defendant's request,

the government must give to the defendant a written summary of

16

testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .The summary provided under this subparagraph must describe the witnesses's opinions, the basis of the reasons for those opinions, and the witness's qualifications.

The Rule permits the opposing party to determine, prior to trial, whether the proposed witness meets the qualifications of an expert within the meaning of the Federal Rules of Evidence. It is therefore respectfully requested that the government be directed to provide the requested information to the defense.

## POINT FIVE

## LIMITED PARTICULARS ARE NECESSARY TO PREPARE FOR TRIAL.

Federal Rule of Criminal Procedure 7(f) expressly empowers the Court to direct the filing of a bill of particulars. The limited particulars sought are necessary to specify the nature of the charges so that defendant may prepare for trial, prevent unfair surprise and avoid double jeopardy if faced with a second prosecution for the same offense. *United States v. Gibson,* 175 F. Supp.2d 532, 536 (S.D.N.Y. 2001), *citing United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987) and *United States v. Torres,* 901 F.2d 205, 234 (2d Cir. 1990) ("a bill of particulars is required only where the indictment is so general that they do not advise the defendant of the specific acts of which she is accused") (further citation omitted); *accord United States v. Chen,* 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Schaefer,* 2008 WL 2332369 *8 (S.D.N.Y. June 2, 2008). Under these circumstances, compliance is required even if it incidently reveals the "government's evidence or theories." *United States v. Barnes,* 158 F.3d 662, 665 (2d Cir. 1998).

17

It appears from the face of the indictment, as well as discussions with the prosecutor, that the alleged conspiracies are far-ranging and involve transactions in New York, Boston, Miami, and other major cities on the East Coast, as well along the U.S.-Canadian border and in Montreal, Quebec.  In light of the nature of the prosecution, the anticipated volume of discovery, the case's complexity and anticipated length, the bill of particulars sought are justified.  *See, e.g., United States v. Falkowitz,* 214 F.Supp.2d 365, 390-92 (S.D.N.Y. 2002) (analyzing these factors in reference to particulars application); *United States v. Nachamie,* 91 F.Supp.2d 565, 570-72 (S.D.N.Y. 2000) (same); *Bortnovsky,* 820 F.2d at 575 (government does "not fulfill it obligations merely by providing mountains of documents to defense counsel who were left unguided").  As Judge Sand aptly stated, "It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."  *United States v. Bin Laden,* 92 F.Supp.2d 225, 234 (S.D.N.Y. 2000).

With respect to Counts One through Three, defendant seeks an order requiring the government to specify the "others" alleged to have participated in the charged conduct.  In determining whether to grant a request for particulars regarding the identity of known coconspirators, courts typically consider the following factors:

> (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the government otherwise has provided adequate notice of the particulars; (4) the volume of [anticipated] pretrial disclosure; (5) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the government's investigation.

*Nachamie,* 91 F. Supp.2d at 572-73 (granting defendants' request in case involving conspiracy lasting three years, with eight defendants, unknown number of unindicted coconspirators, and

voluminous discovery); *see also Falkowitz,* 214 F.Supp.2d at 390-92 (applying *Nachamie* factors in requiring identification of coconspirators).

In the instant case, the above-listed factors weigh heavily in favor of disclosing the identities of known coconspirators. A defendant is more likely to be surprised by the identity of other coconspirators whom she has either never met or had fleeting exposure to, when the conspiracy involved a large number of people. *Nachamie,* 91 F.Supp.2d at 572. As concerns the potential danger that could result from identifying coconspirators, the government has not suggested that violence played a role in the alleged conduct. If needed, however, a protective order relating to such discovery can be enforced.

Also with respect to Counts One through Three, defendant requests that the government be directed to particularize transactions by date, nature in terms of drug quantity and cash amounts, and locations identified as "elsewhere." A bill of particulars is appropriate to prevent unfair surprise and to ensure that a defendant has adequate notice of the charges against her. It is thus well with the Court's discretion to order the government to particularize specific transactions attributable to defendant, as well as locations of occurrence identified as "elsewhere" in the indictment. *See United States v. Matias,* No. 89 CR 323 (SWK), 1989 WL 160222 (S.D.N.Y. December 29, 1989). Likewise, because a defendant can be held responsible for the acts of any co-conspirator (or co-schemer) undertaken in furtherance of the alleged illegal enterprise, the defendant is entitled to be advised of the identity of all co-conspirators and co-schemers as soon as such persons become known to the prosecution. *United States v. Rosenstein*, 303 F.Supp. 210, 213

(S.D.N.Y. 1969); *United States v. Kahaner*, 203 F.Supp. 78, 85 (S.D.N.Y. 1962).[5]  The

information sought is also relevant to plea negotiations since it should assist defendant in

comprehending relevant conduct which was "foreseeable" to her during her participation in the

alleged conspiracies.

**POINT SIX**

**THE GOVERNMENT SHOULD BE REQUIRED
TO PROVIDE A WITNESS LIST.**

The trial court has the discretion to order disclosure of the identities of the government's

witnesses "upon a finding that a defendant's request is material to the preparation of her case and is

otherwise reasonable."  *United States v. Santiago,* 174 F.Supp.2d 16, 38 (S.D.N.Y. 2001), *citing*

*United States v. Cannone,* 528 F.2d 296, 300-01 (2d Cir. 1975); *Nachamie,* 91 F. Supp.2d at 579.

Materiality and reasonableness of the request should be assessed through application of a six-factor

---

[5]  This request is particularly appropriate in this case, where the indictment makes reference to activities of persons known and unknown.  A common defense to conspiracy is to show the absence of "agreement."  In order to show that, one must know with whom one is supposed to have agreed or conspired.  Here, the prosecution alleged that there were conspirators who are "known."  If any of these conspirators were, for example, agents for the government, then there could be no agreement as to these individuals.  Perhaps the definitive statement of a defendant's need in this regard was set forth in the case of *United States v. Smith,* 16 F.R.D. 372 (W.D. Mo. 1954), wherein Judge Whitaker stated,

> "Without definite specification of the time and place of commission of the overt acts complained of, and the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise."

*Smith, supra,* at 375.  Judge Whitaker's opinion in *Smith* was later commended by the Advisory Committee proposing the amendment to Rule 7(f) as a "wise use of . . . discretion . . . ."  Proposed Amendments to Rule 7, 34 F.R.D. 411, 417 (March 1964).

test:

> "(1) Did the offense alleged in the indictment involve a crime of violence? (2) Have
> the defendants been arrested or convicted for crimes involving violence? (3) Will
> the evidence in the case largely consist of testimony relating to documents (which
> by their nature are not easily altered)? (4) Is there a realistic possibility that
> supplying the witnesses' names prior to trial will increase the likelihood that the
> prosecution's witnesses will not appear at trial, or will be unwilling to testify at
> trial? (5) Does the indictment allege offenses occurring over an extended period of
> time, making preparation of defendants' case complex and difficult? (6) Do the
> defendants have limited funds with which to investigate and prepare their defense?"

*Santiago,* 174 F.Supp.2d at 38-39, *quoting United States v. Turkish,* 458 F.Supp. 874, 881

(S.D.N.Y. 1978).

Application of the *Turkish* factors strongly favors disclosure of the government's witnesses

in this case.  As for the first two factors, this case has not been portrayed as one involving violence

and defendant has not been arrested for, or convicted of, any crime of violence.

The third factor also supports defendant's request: the government has stated that its case

will largely revolve around testimony of cooperating witnesses and law enforcement officers.

With respect to the fourth factor, the defense has not been told that disclosure of the

government's witnesses would impair its ability to produce them at trial.

The fifth factor also weighs in defendants favor because the charges are alleged to have

taken place over a protracted period, and the case is complex in that it appears to involve numerous

players from both the United States and Canada spread across a wide geographic landscape.

The sixth factor may not be implicated, however, whatever resources defendant has, based

on the dearth of discovery provided, cannot presently be directed toward meaningful investigation

and trial preparation since the indictment is nothing more than a form pleading document with no

discussion of transactions or events.  Without any direction as to where to use her resources, she cannot afford to squander those resources tracking down hypothetical leads.  Conversely, if the government provides defendant with a witness list, it will facilitate her ability to comprehend the charges, her accusers, and allow for meaningful defense preparation.

Accordingly, defendant respectfully requests that the Court order the government to furnish defense counsel with a witness list.

## POINT SEVEN

**DEFENDANT RESPECTFULLY RESERVES THE RIGHT TO
MAKE OTHER MOTIONS NECESSITATED BY THE DISCLOSURE
OF ADDITIONAL FACTS, INCLUDING MOTIONS *IN LIMINE*
TO EXCLUDE EVIDENCE OFFERED BY THE GOVERNMENT.**

## CONCLUSION

For all of the foregoing reasons, defendant's motion should be granted in its entirety.

Dated: June 17, 2008
Los Angeles, California

Respectfully submitted,

THOMAS P. SLEISENGER
1901 Avenue of the Stars, Suite 615
Los Angeles, CA 90067
(310) 300-1314
*Counsel to DEFENDANT*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                                  :

                        Plaintiff,          :

            -against-                               :          Docket No. 08 CR 211(AKH)

PARVINDER DOSANJH,                                         :

                    Defendant.         :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PRETRIAL
<u>MOTION FOR DISCOVERY; EXHIBIT A</u>**

June 9, 2008

Jeffrey A. Brown
Assistant U.S. Attorney
United States Attorney's Office
Silvio J. Mollo Building
One Saint Andrews Plaza
New York, New York 10007
By Mail/Email

Re:    *United States v. Parvinder Dosanjh,*
_____08 Cr. 211 (AKH)____

Dear Mr. Brown:

As the attorney for the defendant Parvinder Dosanjh, I write this letter pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure in lieu of a formal motion which might unnecessarily burden the Court.  Reference is also made to my earlier discovery letter sent May 26, 2008.  As of the date of this writing, I have not received a response from you in regard to that letter.  In the event of a disagreement between us as to whether the defendant is entitled to a particular item, we can ask the Court to resolve the conflict.  Many of the requested items discussed below may well have been requested in the previous letter so, to that extent, it remains a continuing request.   Your office is, of course, under a continuing duty to disclose *Brady* and Rule 16 materials as you become aware of them.  Of particular concern to the defense is that the government undertake a thorough review of files in its possession, custody or control pertaining to the drug trafficking and money laundering conspiracies charged against Ms. Dosanjh and that it promptly produce any evidence that Ms. Dosanjh was not present at various times when the crimes alleged took place or reflecting inconsistencies in the accounts of these crimes that the government will offer in this case (from undercover agents and operatives, cooperating witnesses, hearsay declarants, and others).

## A.  **Definitions**

Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense.  Our request for discovery and inspection relates to items in the possession, custody, or control of the United States Attorney as well as all federal, state and city agencies or governmental entities, including Canadian entities, over which it has sufficient control or liaison to obtain access to materials possessed by such agency or entity.  With respect to those items which we request, if the United States Attorney does not have them in its

AUSA Jeffrey A. Brown
Page 2
June 9, 2008

possession, we ask for a statement to the effect that such items do not exist or are not in the United States Attorneys' possession. If the United States Attorney is aware that a requested item exists but does not have it in its possession, then we request that the United States Attorney disclose the whereabouts of the item. As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations of the indictment and the matters referred to therein. It is requested that the United States Attorney disclose the following:

## B.  Rule 16 and Other Pretrial Materials

1.  The government is requested to permit the defendant and counsel to inspect and copy or photograph any relevant, written or recorded statements made by the defendant, agent or co-conspirator, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government. In this regard, counsel for the government is specifically requested to inquire of all law enforcement personnel whom he knows to have been connected with this case as well as any and all potential government witnesses or other people who have supplied information to the government whether they are aware of any written or recorded statements of the defendant, and if so, to make such statements available, forthwith, for inspection by the defendant and counsel.

2.  The defendant requests that the government produce the substance of any oral statement which the government intends to offer in evidence at the trial which was made by the defendant, agents of the defendant or co-conspirators. The government is requested to conduct a conscientious effort to determine whether any individuals acting on behalf of the government are aware of any other oral statements purportedly made by the defendant or any agent or alleged co-conspirator.

3.  The defendant requests permission to inspect and copy or photograph any and all books, news articles, papers, documents, photographs, tangible objects, documents or photographs of buildings or places or copies of portions thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence or may become known (this includes documents in the possession of a cooperating witness) to the government and which are material to the preparation of her defense or which are intended for use by the government as evidence-in-chief at the trial or were obtained from or belong to the defendant. Defense counsel seeks the right to inspect those items discoverable under Rule 16.

4.  The defendant further requests that the government permit her to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the

AUSA Jeffrey A. Brown
Page 3
June 9, 2008

government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial. Your attention is respectfully directed to the fact that this provision is not triggered only with regard to such reports, etc., which the government intends to offer during its case-in-chief. Self-evidently, reports, etc., which are "material to the preparation of the defense" are also discoverable. In the event that the government is in fact in possession of reports, etc., which it does not intend to offer (or subsequently comes into possession of such reports), the government is respectfully asked to seek a ruling of the Court, ex parte if necessary, to assist in determining whether such reports are discoverable as "material to the preparation of the defense" of this case.

5. The defendant requests an opportunity to inspect and copy any and all records, statements, notes of interviews, tape-recordings, alleged admissions or confessions, signed or unsigned, oral or written, which are attributed to or were taken from the defendant, all co-defendants or alleged co-conspirators which are within the possession, custody or control of the government, the existence of which is known, or through the exercise of due diligence may become known to counsel for the government.

6. The defendant requests a designation by the government of those persons it intends to call as witnesses at the trial of this indictment and the addresses of such parties. The government is specifically requested to disclose the name and address of any witness which it intends to call and from whom the government will seek to elicit "expert" testimony, within the meaning of the Federal Rules of Evidence. Moreover, the government is requested to provide a summary of the witness' testimony, including the witness' qualifications, opinions and the basis of the witness' opinions, including any reports, studies or other data upon which such expert will rely in giving his/her testimony. Defendant's right to disclosure of this information is expressly recognized by recent amendments to the criminal procedure rules. Rule 16 of the Federal Rules of Criminal Procedure provides, in part, as follows:

"Rule 16(G)"

> EXPERT WITNESSES. At the defendant's request, the government must give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief in trial. . . . The summary . . . must describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

7. With respect to each witness the government intends to call at trial, or any member of the immediate family of any such witness, set forth a written summary of all charges or tax

AUSA Jeffrey A. Brown
Page 4
June 9, 2008

proceedings which could be brought by the government (as defined) or any other law enforcement or self-regulatory agency, but which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the government, or for any other reason.  Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter of the attorney for a witness or otherwise.

8.  The defendant requests that the government produce a list of any exhibits it intends to use at trial which are now known to the government and that additions, if any, to said list be provided.

9.  The government is requested to produce all documents and other evidence regarding drug and alcohol usage, abuse, and/or dependency by any individual the government intends to use as a witness at trial including, but not limited to, records relating to treatment of such individual in any federal, state, city, military or private drug or detoxification program.

10.  The government is requested to produce all documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the government intends to use as a witness at trial, including, but not limited to, records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

11.  The government is requested to produce all documents and other evidence regarding any polygraph examination(s) given to any individual the government intends to use as a witness at trial.

## C.  **Brady Material**

12.  The government is requested to disclose the names and addresses of any person whom the government knows to have relevant information regarding the facts of this case.  In addition, all relevant Brady, Giglio, Agurs, and Bagley material is requested, including copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the government or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the defendant or which tends to negate or mitigate the guilt of the defendant, as to the offenses charged, or which would tend to reduce the punishment thereof.  In this regard, disclose any and all records and/or information which might be helpful or useful to the defense in impeaching said person.  This includes, but is not limited to, any and all records and/or information revealing prior misconduct attributable to the person.   Include the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory material or who may lead to persons or material which may be favorable

AUSA Jeffrey A. Brown
Page 5
June 9, 2008

or exculpatory.

13.    With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, attach copies of all indictments, complaints, arrests, hearings or informations brought against such person by the federal, any state or local government, or Canadian authorities, all disciplinary actions brought by the federal, any state or local government, or Canadian authorities, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilty, if any, took place; and the names of the judges or hearing officers before whom such pleas were taken.  If the prosecution does not have copies of all indictments, complaints, informations, arrests, hearings or disciplinary actions, state the dates and places of such arrests, hearings, indictments, and informations, or disciplinary actions, the charge brought, and the disposition of those charges so far as it is known.  With respect to each person the prosecution intends to call at trial, or any member of the immediate family of any such person, set forth a written summary of all charges which could be brought by the federal, any state or local government, or Canadian authority, which have not or may not be brought because the witness is cooperating  with or has cooperated with the federal, state or city governments, or for any other similar or related reason.

14.    Include copies of all memoranda of understanding between the government and its witnesses, whether by way of a letter to the attorney for a witness or otherwise.  Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intends to call as witnesses at the trial. Include all information which may bear on the credibility of any witness and all information bearing on his relationship to any Canadian, U.S. federal, state or city agency or agent, and any informant services or other services or acts performed by him with the knowledge, acquiescence, or at the instance of the government.  This request embraces any inducements or promises or benefits conferred on any other person at the behest of any individual whom the prosecution intends to call as a witness at the trial, such as spouses or other family members of the potential witness.

15.    Provide all documents and other evidence regarding drug or alcohol usage and/or dependency by any individuals the prosecution intends to use as a witness at trial including but not limited to records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program.  All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting any individual the prosecution intends to use as a witness at trial, including  but not limited to records of hospitalization or other treatments for such physical or mental diseases, disability, or disorder.

16.    Provide all information which may demonstrate an inconsistency or arguable inconsistency with another statement made by another person or that person; and all information

AUSA Jeffrey A. Brown
Page 6
June 9, 2008

which may demonstrate a lack of knowledge or denial of knowledge by a witness about the facts of this case or the guilt or innocence of the defendant.  The law is well settled that it is not for the prosecutor to decide what material is exculpatory or what material falls within the purview of Brady.  Accordingly, we ask that any information which may arguably fall within the aforementioned categories is to be disclosed to counsel for the defendant or, in the alternative, filed in camera with the Court with notice given to the defendant.

      17.  The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to promises of leniency, or agreements of immunity, either de facto or statutory immunity (inter alia, 18 U.S.C. §§ 6001, et seq.), which concern any person or business entity which are, in any way, connected to this case and which are within the possession, custody or control of the government, the existence of which known, or through the exercise of due diligence, may become known to counsel for the government.

      18.  The defendant requests the opportunity to inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the payment of money or the receipt of other things of value by any individual or entity who provided assistance or information to any Canadian, U.S. state or federal law enforcement or prosecutorial agency or any administrative agency in connection with this case.  Such documents are sought whether or not such payments, etc., were made as the result of the assistance or information specifically provided in this case or another.

      19.  The defendant requests that the government disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any Canadian, or U.S. state or federal law enforcement representative, attorney or other person acting as agent of or on behalf of state or federal government, to any person or entity who is either to be a witness in this case or is otherwise connected to this case.  Counsel for the government is specifically requested to inquire of those law enforcement representatives connected to this case, including but not limited to, members of the Drug Enforcement Administration, the Federal Bureau of Investigation, IRS/CID, the United States Marshals Service, the Royal Canadian Mounted Police, and other Canadian law enforcement agencies (including, but not limited to any matter received under the MLAT with Canada), the New York City Police Department, the New York State Police as well as all other state and local agencies participating in this case in New York, Massachusetts, Pennsylvania, Maryland, Florida, Vermont, Maine, New Hampshire, California, or any other state, whether any such oral (or written) promises, inducements, agreements, etc., have been made to any person in connection with this case.

      20.  The defendant requests that the government disclose any and all actions, promises or efforts -- formal or informal -- on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the prosecution considers a

AUSA Jeffrey A. Brown
Page 7
June 9, 2008

potential witness at trial, or a member of the immediate family of such witness, or for the
corporation, partnership, unincorporated association or business employing such potential
witness or in which the witness is an employee, director, shareholder, trustee, partner member,
agent or servant.  This request includes, but is not limited to (a) letters to anyone informing the
recipient of the witness' cooperation; (b) recommendations concerning federal or state aid or
benefits on tax matters; © recommendations concerning licensing, certification or registration;
(d) promises to take affirmative action to help the status of the witness in a profession, business
or employment or promises not to jeopardize such status; (e) aid or efforts in securing or
maintaining the business or employment or promises not to jeopardize such status; (f) aid or
efforts concerning a new identity for the witness and his family, together with all other actions
incidental thereto; (g) direct payments of money or subsidies to the witness or his or her family;
or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a)
through (g) above.

    21.  The defendant requests the opportunity to inspect and copy any and all agreements,
contracts, memoranda or other documents which reflect agreements between any officer or
agency of Canada or any U.S. state or federal government to provide assistance, protection or
relocation to any individual or member of such individual's family, who provided assistance to
any state or federal enforcement or prosecutorial agency, or administrative agency in conjunction
with this case.  These documents are sought whether or not such agreements were made as the
result of assistance or information specifically provided in this case or another.

### D.  <u>Search, Seizure and Related Material</u>

    22.  The defendant requests the opportunity to inspect and copy any and all records,
schedules, bills or other documents which relate to this case including those which reflect
telephone calls or toll call records or telephone charges over any instrument in which the
defendant, coconspirator defendants and cooperators maintained a possessory interest or over
such instrument the government knew, or believed, the defendant, coconspirator or cooperator
utilized and which are within the possession, custody or control of the government, the existence
of which is known or through the exercise of due diligence may become known to counsel for
government.

    23.  The government is requested to disclose any and all applications (and attendant
documents and/or exhibits), affidavits, testimony, inventories and/or orders seeking, granting or
denying judicial permission to conduct a physical search of any person or premises which relate
to this case and which are within the possession, custody or control of the government, the
existence of which is known or through the exercise of due diligence may become known to
counsel for the government.

    24.  The government is requested to disclose any and all documents, objects or other
tangible things which were obtained by virtue of any physical search and/or seizure of any person

AUSA Jeffrey A. Brown
Page 8
June 9, 2008

or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of the diligence may become known to counsel for the government. With respect to any documents seized from the person or property of the defendant, or their agents, or co-conspirators, we request that the government make copies of said documents and provide them to us forthwith.

25. The government is requested to disclose whether any pre-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, showups, etc. If so, state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification. State whether any witnesses were unable to identify the defendant, made a mistaken identification, or were uncertain in making an identification.

26. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "mail cover" operations or the examination of the mail of any of the individuals involved in this case, including defendant.

27. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in any way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

28. The government is requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with this case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

29. The government is requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with the investigation underlying this case or which relate in any manner to this government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times, and places.

30. The government is requested to disclose any and all surveillance reports or memoranda with respect to the investigation underlying this case or which relate in any manner

AUSA Jeffrey A. Brown
Page 9
June 9, 2008

to this case, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

31.  The government is requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of the defendant that were made from:  a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which the defendant had a possessory, leasehold or ownership interest.

### E.    Wiretapping, Eavesdropping , Consensual Recordings and Related Materials

32.  Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic interception devices which were made, written or issued by any representative of Canadian, or U.S. federal, state or city governments and which are within the possession, custody or control of the government, the existence of which is known or through  the exercise of due diligence may become known to counsel for the government.

33.  Discovery is also sought as to any and all statements of the defendant, agents, co-conspirators, or other individuals, whether oral, recorded or written which were seized by electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

34.  Discovery is sought as to any and all mechanical or electronic recordings and/or tapes that contain any of the defendant's, agent's or alleged co-conspirator's conversations or which emanated from any premises or over any instrument in which the defendant possessed a proprietary interest or which were made in connection with a court ordered eavesdropping warrant in which any defendant was named as a party to be intercepted or was a person who was in fact intercepted.

35.  Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications which were made by any public servant, or their duly authorized representatives, which are germane to this case and related in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments.

36.  Discovery is sought as to a schedule of each type of mechanical or electronic eavesdropping device or other device capable of intercepting oral communications or of

AUSA Jeffrey A. Brown
Page 10
June 9, 2008

intercepting communications over radio, telephone or radio-telephone equipment and which were
used in conjunction with, or relate to, this case.

37.  The defendant's request above for disclosure of documents relating to Canadian, or
U.S. state and federal eavesdropping or wiretapping activity specifically seeks the disclosure of,
but is not limited to, the following documents or information:

a.  any and all requests, applications and/or orders seeking or requiring the
sealing of tapes or other recordings;

b.  any and all requests, applications (whether granted or not) and/or orders
seeking or granting any initial interception order or renewal or extension
of a previously existing order;

c.  copies of any and all progress reports, or orders to make such reports;

d.  any and all requests, applications and/or orders amending a wiretap order
or warrant to include the seizure of conversations dealing with offenses
other than those specified in the original order of authorization;

e.  a schedule of any and all logs or other documents maintained during or in
conjunction with the interception of wire or oral communications by law
enforcement personnel;

f.  any and all documents which relate to the use of "pen registers," "trap" or
"trace" devices by law enforcement personnel in conjunction with this
case;

g.  copies of any and all inventories prepared in conjunction with wire-
tapping or eavesdropping activity which relate to this case;

h.  copies of any and all transcripts prepared from tapes made in conjunction
with or subsequent to wiretapping or eavesdropping activity which relate
to the present case;

I.  copies of any and all reports required pursuant to 18 U.S.C. § 2519 or state
or Canadian counterparts;

j.  copies of any and all orders served in conjunction with the requirement to
provide notice of overhear and any and all documents relevant to
extensions or renewals thereof;

AUSA Jeffrey A. Brown
Page 11
June 9, 2008

  k. any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith;

  l. any and all transcripts, tapes or recordings in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

  m. any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the government;

  n. any and all applications, requests or correspondence seeking the permission of the Canadian Justice Ministry or the Attorney General of the United States or any other federal or state law enforcement officer, to consensually record wire or oral communications, which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government;

  o. any and all subscriber or customer records of the defendant obtained pursuant to section 2703 of the Electronic Communications Privacy Act of 1986, and any documents which authorized the government to obtain such information.

## F.  Miscellaneous Materials

  38.  Provide to defense counsel, a copy of the prior criminal record, if any, of the defendant and alleged co-conspirators and a statement of the use, if any, the prosecution intends to make of such records at trial.

  39.  The following items of discovery, concerning the administration and procedures utilized in conducting the underlying grand jury investigation, are sought:

  a. The government is requested to disclose the day upon which the grand jury that returned the instant indictment was empaneled, the duration of its

AUSA Jeffrey A. Brown
Page 12
June 9, 2008

term and any extensions thereof.

b.    If any grand jury extensions were obtained, the government is requested to produce the affidavit and order in support of such extensions.

c.    The government is requested to disclose whether during the deliberations and/or voting of this grand jury, any persons, other than grand jurors, Assistant United States Attorneys or stenographers, were present in the grand jury room.

d.    The government is requested to disclose whether 16 people were present at the time the instant indictment was voted.

e.    The government is requested to disclose whether the instructions concerning the law and with respect to the duties of the grand jurors and any matters before them, were made by the government to the grand jury, and further, if these instructions were duly recorded in the minutes of the grand jury.

f.    The government is requested to disclose whether any Assistant United States Attorney, law enforcement officer or agent of the state or other governmental agency or any other persons summarized any testimony, tape recordings, documents or evidence before the grand jury in connection with the indictment herein.

g.    The government is requested to disclose whether the grand jurors that returned the instant indictment were instructed, on the record, that they were entitled to formulate and pose their own individual questions to any witness who appeared before them.

h.    The government is requested to disclose whether any grand jury subpoenas were issued to prospective witnesses who never testified in the grand jury, but instead were interrogated outside the presence of the grand jury.

I.    The government is requested to disclose comments, if any regarding the prosecutor's personal opinion regarding the credibility or lack of credibility of any grand jury witness.

j.    The government is requested to disclose communications if any, between grand jurors and prosecutors, while the grand jury is in session, not reflected on the record.

AUSA Jeffrey A. Brown
Page 13
June 9, 2008

      k.      The government is requested to disclose any failure to apprise the grand jury of crimes known to have been committed by a grand jury witness and the fact that the grand jury witness would not be prosecuted for such crimes if that witness cooperates.

      l.      The government is requested to disclose whether any prosecutor testified before the grand jury.

      m.      The government is requested to disclose whether the grand jury was presented with an indictment which had already been signed.

      n.      The government is requested to disclose whether the grand jury voted separately as to each offense charged in the indictment.

      o.      The government is requested to disclose whether a majority of those jurors who voted the indictment herein heard sufficient evidence to support the indictment.

      p.      The government is requested to disclose whether all noncumulative evidence considered by the government to be <u>Brady</u> material was presented to the grand jury.

40.  It is requested that the government give notice to the defendant of any intention to offer evidence pursuant to Federal Rule of Evidence 404(b) of other "crimes, wrongs or acts" of the defendant, whether offered pursuant to Fed. R. Evid. 404(b), as proof of the conspiracies alleged in the indictment, or under any other theory of admissibility.  Such notice must be sufficiently detailed and provided sufficiently  in advance of trial to permit counsel to properly litigate the admissibility of these issues <u>in limine</u> before trial.  Accordingly, the government is requested to set forth a list of all such crimes, wrongs, or acts specified by date, time, location, and participants.  Defendant's right to receive notice of 404(b) proof is explicitly provided in the evidentiary rule.  Further, if it is the intention of the United States Attorney to impeach the defendant's credibility, should she testify, with evidence offered or testimony elicited pursuant to Federal Rules of Evidence 608 and 609, the United States is requested to disclose all such cross-examination items so that an advance ruling may be sought as to admissibility and potentially overriding prejudicial effect.

41.  Provide counsel with a list of the names, aliases, and addresses of each and every unindicted co-conspirator known to the government.

42.  Advise defense counsel of the existence of and its intended use of any statement made by any defendant inculpating any other defendant, the use of which as evidence would raise <u>Bruton</u> issues.

AUSA Jeffrey A. Brown
Page 14
June 9, 2008

43.  State whether any witness or prospective witness was shown discovery in this case prior to interview.  If so, provide copies of the discovery that was shown to the witness.  Indicate whether the witness adopted any such discovery.

44.  The government is requested to produce all correspondence and memoranda of agencies and organizations that participated in the investigation resulting in the instant indictment, to the extent that such correspondence and memoranda reflect non-privileged factual matter and witness statements.  It is understood that such material will be edited/redacted to protect matter privileged from discovery.

## G.  Bill of Particulars

We request a bill of particulars in connection with the above-referenced case.  This request for a bill of particulars does not seek theories of the prosecution.  Nor does it seek the government's evidence.  Rather, these requests simply try to isolate each and every criminal or wrongful act which will need to be defended against at trial.  Such notice is consistent with Second Circuit law.  *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988); *United States v. Bortnovsky,* 820 F.2d 572, 572-75 (2d Cir. 1987) (per curiam).

## Paragraphs in the Indictment as they Relate to All Counts Alleged

### Paragraph 1

    a.    Identify the "others" with whom defendant allegedly combined, conspired, confederated and agreed to violate the narcotics laws.

    b.    Identify "elsewhere" as that word is used in this paragraph.

### Paragraph 2

    a.    Identify each transaction by date, quantity, and location of occurrence that account for defendant's importation of 1,000 or more kilograms of a mixture or substance containing marijuana.

    b.    Identify the "others" involved in each transaction that account for importation of 1,000 or more kilograms of a mixture or substance containing marijuana.

### Paragraph 4

    a.    Identify each transaction by date, quantity, and location of occurrence that account for defendant's distribution of 1,000 or more kilograms of a mixture or substance

AUSA Jeffrey A. Brown
Page 15
June 9, 2008

containing marijuana.

b.      Identify the "others" involved in each transaction that account for distribution of 1,000 or more kilograms of a mixture or substance containing marijuana.

**Paragraph 5**

a.      Identify the "defendants" and "others" with whom defendant allegedly combined, conspired, confederated and agreed to violate the Section 1956(a)(B)(I).

b.      Identify "elsewhere" as that word is used in this paragraph.

**Paragraph 6**

a.      Identify each transaction by date, quantity, and location of occurrence, that account for defendant's and "others" transfer(s) of hundreds of thousands of dollars.

b.      Identify the "others" involved in each transaction that account for the transfer(s) of hundreds of thousands of dollars.

**Paragraph 7**

a.      Identify the "property" that defendant obtained or used to facilitate the offenses alleged in Counts One and Two of the Indictment and how the $1 billion is computed.

**Paragraph 8**

[no such paragraph exists in the indictment]

AUSA Jeffrey A. Brown
Page 16
June 9, 2008

**Paragraph 9**

     a.    Identify the "property" involved in the money laundering offense and all property traceable thereto which includes, but is not limited to, approximately $1 billion.

Thank you for your attention to these matters.

Very truly yours,

_____

Thomas P. Sleisenger

cc:    Honorable Alvin K. Hellerstein
        United States District Court
        Southern District of New York
        Courtroom 14D
        500 Pearl Street, Room 1050
        New York, New York 10007

        Clerk of the Court (by regular mail)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,                         :

                        Plaintiff,       :

             -against-                       :       Docket No. 08 CR 211(AKH)

PARVINDER DOSANJH,                               :       <u>NOTICE OF MOTION</u>


                    Defendant.       :
--------------------------------------------------------------X

S I R S :

          PLEASE TAKE NOTICE that, upon the annexed declaration of Thomas P. Sleisenger, counsel for Defendant, duly affirmed to on the 17th day of July, 2008, the memorandums of law and all proceedings heretofore had herein, the undersigned shall move the District Court for the Southern District of New York, before the Honorable Alvin K. Hellerstein, at 500 Pearl Street, New York, New York 10007, for an ORDER:

(1) compelling the government to disclose Rule 16 material well in advance of trial;

(2) compelling the government to disclose *Brady* material reasonably in advance of trial;

(3) precluding the government from introducing certain "other crimes" evidence it may seek to offer under Fed.Rules.Evid. 404(b),  403 and 401, and for notice of all "other crimes" evidence to be offered at trial;

(4) compelling the government to disclose to the defense the name and address of each expert, if any, that it intends to call at trial and to provide a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely;

(5) directing the government to provide a limited bill of particulars;

(6) directing the government to provide a witness list; and

(7)  reserving Ms. Dosanjh's right to make other motions necessitated by the disclosure of

additional facts, including motions *in limine* to exclude evidence offered by the government.

Dated:  July 17, 2008
Los Angeles, California


                                              Respectfully submitted,


                                              _____/s/_____
                                              THOMAS P. SLEISENGER
                                              1901 Avenue of the Stars, Suite 615
                                              Los Angeles, CA 90067
                                              (310) 300-1314
                                              *Counsel to Defendant*


TO:     Jeffrey A. Brown, Esq.
        United States Attorneys Office
        One St. Andrews Plaza
        New York, N.Y. 10007

        Clerk of the Court
        United States District Court
        Southern District of New York
        500 Pearl Street
        New York, New York 11201


                                    3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,        :      Docket No. 08 CR 211(AKH)

                    Plaintiff,   :      <u>DECLARATION</u>

        -against-         :

PARVINDER DOSANJH,         :

                   Defendant.  :
------------------------------------------------------------X

        THOMAS P. SLEISENGER, declare as follows:

        1.      I am an attorney duly admitted to practice law in the State of California and before this Court based on order of admission pro hac vice.  My law offices are located at 1901 Avenue of the Stars, Suite 615,  Los Angeles, California 90067.  I represent defendant, Parvinder Dosanjh, in this case.

        2.      This affidavit is submitted in support of defendant's motions for an order: (1) compelling the government to disclose Rule 16 material well in advance of trial; (2) compelling the government to disclose *Brady* material reasonably in advance of trial; (3) precluding the government from introducing certain "other crimes" evidence it may seek to offer under Fed.Rules.Evid. 404(b),  403 and 401, and for notice of all "other crimes" evidence to be offered at trial; (4) compelling the government to disclose to the defense the name and address of each expert, if any, that it intends to call at trial and to provide a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely;  (5) directing the government to provide a limited bill of particulars;  (6) directing the government to provide a witness list; and (7) reserving Ms. Dosanjh's right to make other motions necessitated by the disclosure of additional facts, including motions *in limine* to exclude evidence offered by the government.

2.      I have conferred with Assistant United States Attorney Jeffrey A. Brown regarding the various requests for discovery and the request for a bill of particulars. Notwithstanding the fact that we have discussed these matters, the motion(s) must be brought for defendant to obtain the relief sought.

3.      All other facts necessary for a determination of the instant motion(s) are set forth in the accompanying memorandum of law and exhibit which are incorporated herein by reference.

WHEREFORE, for the foregoing reasons, defendant's motion(s) should be granted in their entirety.

I declare under penalty of perjury so that foregoing is true and correct.  Executed on July 17, 2008, at Los Angeles, California.


_____/s/_____
THOMAS P. SLEISENGER