UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :

                               Plaintiff,                    :

      -against-                                                    :          Docket No. 08 CR 211(AKH)

PARVINDER DOSANJH,                                     :

                             Defendant.                    :
------------------------------------------------------------X

### REPLY TO LETTER BRIEF SUBMITTED BY GOVERNMENT COUNSEL

On July 18, 2008, by way of noticed motion, defendant Parvinder Dosanjh submitted her motion for discovery in support of an order: (1) compelling the government to disclose Rule 16 material well in advance of trial; (2) compelling the government to disclose *Brady* material reasonably in advance of trial; (3) precluding the government from introducing certain "other crimes" evidence it may seek to offer under Fed.Rules.Evid. 404(b), 403 and 401, and for notice of all "other crimes" evidence to be offered at trial; (4) compelling the government to disclose to the defense the name and address of each expert, if any, that it intends to call at trial and to provide a summary of his/her anticipated testimony, and the reports, studies or other data on which such expert testimony will rely; and (5) reserving Ms. Dosanjh's right to make other motions necessitated by the disclosure of additional facts, including motions *in limine* to exclude evidence offered by the government.

In its letter brief dated August 1, 2008, the government suggests that its discovery obligation is "wholly obviated" by "a close study of defendant's post-arrest statement," which it attaches to the letter brief. Letter Brief at 2, n. 3. By no means does the defense concede the

accuracy of the redacted report which, in any event, makes no reference to any of the requested discovery, nor satisfies the request for particulars. The defense persists in its request to know, among other things, the nature of the "witness testimony and corroborative evidence" in support of specific drug transactions erroneously claimed to have been made reference to by "the defendant in her confession." Letter Brief, at 3, n. 3.

The government also believes that it has satisfied its discovery obligation by making two oral proffers. Oral proffers are no substitute for written discovery. In the two proffers, all the government says is that the charged conspiracy involves activities in various East Coast cities and in Montreal, Canada. Without providing dates, the government says that defendant has traveled between the United States and Canada and has been involved in transactions at the border, identifying first names of some of her potential co-conspirators.[1] They have also made passing reference to a few place names and informed defendant that her garage in Astoria, Queens was used as a stash location for marijuana. If anything, the proffers present more questions than answers. Who are defendant's accusers? What precisely did defendant do to become a member of the conspiracy? What of the conspiracy was foreseeable to her and what is she accountable for? Does she have to wait until one business day before trial to find out? What does she do in the interim to prepare a defense, consider challenges to evidence she hasn't seen, or weigh whatever options she may have short of going to trial?

The government told defendant at the second proffer that she is not a "significant" criminal. Notwithstanding that observation, they reminded her that she is facing a minimum

---

[1] There has been no mention of any parallel investigation being conducted by Canadian authorities.

mandatory sentence or, alternatively, a greater sentence under the guidelines.[2] The oral proffers, and the Pimental letter sent at the request of the defense, do not demonstrate how the government arrives at a mandatory minimum sentence. Because the indictment is nothing but a shell that recites statutory language, and no affidavit in support of the charges exists, a bill of particulars is essential in this case.[3] Unlike the case of *United States v. Panza*, 750 F.2d 1141 (2d Cir. 1984), cited by the government in their letter brief, the indictment here fails to spell out defendant's conduct in the scheme. Moreover, unlike *Panza*, the government's proffers have only scratched the surface of the government's case and, with the exception of the one report regarding defendant's post-arrest statement, the defense has been provided with no relevant documents.

   For the reasons stated in the original motion, defendant's requests for discovery should be granted in their entirety.

Dated: August 7, 2008
Los Angeles, California

                                Respectfully submitted,

                                THOMAS P. SLEISENGER
                                1901 Avenue of the Stars, Suite 615
                                Los Angeles, CA 90067
                                (310) 300-1314
                                *Counsel to DEFENDANT*

---

[2] The government claims to have "initiated" the proffers. Letter Brief at 8. The first proffer was an informal discussion in the Clerk's Office at the Pearl Street Courthouse within earshot of defendant. The second was requested by defense counsel.

[3] For instance, how would a defendant be able to meet its obligation to timely provide notice of alibi in reference to specific transactions without knowing the date and location of occurrence?